IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| DAKOTA SHASTEEN, | ) 1:24-CV-0050-SPB-RAL ) |
|  | ) SUSAN PARADISE BAXTER |
|  | ) United States District Judge |
| Petitioner | ) |
|  | ) RICHARD A. LANZILLO |
| v. | ) Chief United States Magistrate Judge |
|  | ) |
| WARDEN BARTLETT, | ) Report and Recommendation on Petition for |
|  | ) Writ of Habeas Corpus |
|  | ) |
| Respondent | ) ECF No. 3 |
|  | ) |

I.      Recommendation

It is respectfully recommended that the petition for a writ of habeas corpus filed by federal

prisoner Dakota Shasteen[1] (Petitioner) pursuant to 28 U.S.C. § 2241 be transferred to the United

States District Court for the Eastern District of Tennessee (the sentencing court) pursuant to 28

U.S.C. § 1404.

II.     Report

A.      Background

On August 2, 2021, Petitioner pled guilty to one count of possession of a firearm by a

convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See United States v.*

*Shasteen*, Case No. 2:21-CR-0007 (E.D. Tn. 2021); ECF No. 9-1. On November 18, 2021, the

sentencing court imposed a sentence of 63 months incarceration and a three-year term of

---

[1] Petitioner is incarcerated at FCI-McKean, a federal correctional institution located within the territorial boundaries of the Western District of Pennsylvania. The Warden of FCI-McKean is the Respondent in this action.

supervised release. *Id.* Petitioner did not file a direct appeal and has not filed any § 2255 motion in the sentencing court.

In the instant petition, filed on March 15, 2024, Petitioner contends that his conviction and sentence should be vacated based on the Court of Appeals for the Third Circuit's recent decision in *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), and the district court decision in *United States v. Quailes*, 688 F.Supp.3d 184 (M.D. Pa. 2023). ECF No. 3. Respondent having filed an answer, ECF No. 9, this matter is fully briefed and ripe for disposition.[2]

B.      Discussion

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." *McGee v. Martinez*, 627 F.3d 933, 935 (3d Cir. 2010); *see also Cardona v. Bledsoe*, 681 F.3d 533, 535-38 (3d Cir. 2012). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." *Cardona*, 681 F.3d at 535. Section 2255 motions must be filed in the federal district court that imposed the conviction and sentence the prisoner is challenging. 28 U.SC. § 2255(a). In contrast, a habeas corpus action pursuant to § 2241 must be brought in the custodial court – i.e., the federal district court in the district in which the prisoner is incarcerated. *Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).[3]

---

[2] This matter has been referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).

[3] Section 2241 petitions must be filed in the district in which the prisoner is incarcerated because:

> [t]he prisoner must direct his [§ 2241] petition to "the person who has custody over him." § 2242; *see also Wales v. Whitney*, 114 U.S. 564, 574, 5 S. Ct. 1050, 29 L. Ed. 277 (1885); *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Longstanding practice under this immediate custodian rule "confirms that in habeas challenges to present physical confinement...the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435, 124 S. Ct. 2711,

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners may challenge the validity of their conviction or sentence on collateral review. *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (emphasis added). Section 2241, on the other hand, confers habeas jurisdiction "to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Cardona*, 681 F.3d at 535 (internal quotations and citations omitted) (emphasis added). As such, "a federal prisoner seeking to collaterally attack his sentence generally must do so under § 2255 rather than § 2241." *Voneida v. Johnson*, 88 F.4th 233, 236 (3d Cir. 2023).

In the instant case, the gravamen of Petitioner's § 2241 petition is that his conviction and sentence has been invalidated by a recent decision from the Court of Appeals for the Third Circuit. This claim is "uniquely the province of the sentencing court for consideration through a motion to vacate or correct sentence under 28 U.S.C. § 2255." *Bailey v. Warden, F.C.I. Allenwood*, 2019 WL 1526568, at *1 (M.D. Pa. Feb. 13, 2019). While there is an extremely narrow exception to the general rule that a federal prisoner cannot challenge the validity of his conviction or sentence under § 2241,[4] that exception has no application here. Accordingly, this Court lacks jurisdiction over Petitioner's claim.

---

159 L.Ed.2d 513 (2004). And under the statute's jurisdiction of confinement rule, district courts may only grant habeas relief against custodians "within their respective jurisdictions." § 2241(a); *see also Braden*, 410 U.S. at 495, 93 S. Ct. 1123 ("[T]he language of § 2241(a) requires nothing more than that the court issuing the writ have jurisdiction over the custodian.").

*Bruce*, 868 F.3d at 178.

[4] That exception applies only in extraordinarily unusual circumstances, such as when "the sentencing court's dissolution" makes it "impossible or impracticable for a prisoner to seek relief from the sentencing court." *Jones v. Hendrix*, 599 U.S. 465, 478 (2022) (noting that a motion in a court "that no longer exists" is "obviously 'inadequate or ineffective' for any purpose"). In other words, "so long as it is not essentially impossible to pursue a § 2255 motion at all, federal law requires a Petitioner to challenge his conviction only through a motion brought pursuant to 28 U.S.C. § 2255." *Smith v. Knight*, 2024 WL 3199949, at *1 (D.N.J. June 26, 2024) (citing *Jones*, 599 U.S. at 477-79).

Although this matter cannot proceed under § 2241, it is possible that Petitioner may have a remedy under § 2255. As such, the Court has the option to either dismiss the petition or transfer it to the sentencing court for further consideration. *See Bailey*, 2019 WL 1526568 at *3 (collecting cases for the proposition that an improperly filed § 2241 petition "could either dismissed or transferred to the [sentencing court]."). *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). In making this decision, the Court is mindful that Petitioner has yet to seek relief pursuant to § 2255 and that, as a *pro se* litigant, he may have simply misunderstood the distinction between § 2241 and § 2255. The Court also notes that the sentencing court is the most appropriate venue for Petitioner's claims given that district's familiarity with the events underlying his conviction and the factors that led to his sentence. Consequently, for the convenience of the parties and in the interest of justice, it is recommended that this action be transferred to the sentencing court for further proceedings.

III.    Conclusion

For the foregoing reasons, it is respectfully recommended that this action be transferred to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404.

IV.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate

rights.  *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

DATES this 11th day of March, 2025.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge